**In re George C. BLALOCK d/b/a George Blalock Construction Company, Debtor.**

**Phillip M. KANNON and Kay L. Kannon, Plaintiffs,**

**v.**

**George C. BLALOCK, Defendant.**

**Bankruptcy No. 3–81–00063.**
**Adv. No. 3–81–0100.**

United States Bankruptcy Court, E. D. Tennessee.

Aug. 21, 1981.

John B. Fowler, Ambrose, Wilson & Grimm, Knoxville, Tenn., for plaintiffs.

David L. Buuck, Knoxville, Tenn., for defendant.

MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

At issue in this adversary proceeding is whether a State Court judgment resulting from the alleged misuse of funds provided to a contractor/builder for construction of a residence is a nondischargeable debt under

11 U.S.C. § 523(a)(4).[1] Plaintiffs rely upon T.C.A. § 64–1140.[2]

## I

On May 2, 1979, the plaintiffs, Phillip and Kay Kannon, contracted with the defendant, George C. Blalock, for the construction of a house in Roane County, Tennessee, for a contract price of $46,550. Pursuant to the contract, the Kannons paid the defendant the sum of $22,000.

The parties have stipulated that from the $22,000 paid to the defendant for construction of the house, only $7,586.35 was paid to laborers and materialmen who performed work or furnished materials for the Kannon house. The defendant testified that at the time of the Kannon construction he maintained only one bank account into which all deposits of construction funds were made. The defendant also testified that a portion of the funds received from the Kannons was not paid for work or materials relating to the Kannon house; instead, the funds were paid to satisfy material and labor claims on other construction projects.[3]

In 1980 the defendant was indicted by the Roane County Grand Jury for violation of T.C.A. § 64–1140, and on August 15, 1980, was found guilty by a jury in the Criminal Court of Roane County.

Plaintiffs also filed a suit against the defendant in the Chancery Court for Roane County, Tennessee, and on October 23, 1980, the Chancellor for Roane County entered judgment against the defendant in the amount of $25,000.

On January 13, 1981, the defendant debtor, George C. Blalock, d/b/a George Blalock Construction Company, filed a bankruptcy petition with this court. 11 U.S.C. § 301. On February 3, 1981, plaintiffs filed their complaint initiating the present adversary proceeding. Plaintiffs assert that the $25,000 judgment against the defendant resulted from the defendant's fraudulent misappropriation of money while acting in a fiduciary capacity. 11 U.S.C. § 523(a)(4). In support of this position, plaintiffs argue that a fiduciary relationship was created by virtue of T.C.A. § 64–1140. Further, they argue that any misuse of construction funds is prima facie evidence of an intent to defraud. T.C.A. § 64–1142.[4]

## II

■ Section 523(a)(4), successor to § 17(a)(4) of the former Bankruptcy Act, provides that a debt resulting from fraud and defalcation while acting in a fiduciary capacity is nondischargeable in bankruptcy. The term "fiduciary capacity" for the purposes of § 17(a)(4) of the former Bankruptcy Act has been defined on several occasions.[5]

1. "A discharge under section 727 ... does not discharge an individual debtor from any debt—

   . . . . .

   "(4) for fraud or defalcation while acting in a fiduciary capacity,...." 11 U.S.C. § 523(a)(4).

2. "Any contractor, subcontractor, or other person who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose than to pay for labor performed on, or materials furnished by his order for, this specific improvement, while any amount for which he may be or become liable for such labor or materials remains unpaid, shall be guilty of a felony and punished accordingly." T.C.A. § 64–1140.

3. During the period in question, the defendant had under construction some 13 houses.

4. "Prima facie evidence of intent to defraud.— Such use of the proceeds mentioned in §§ 64–1139—64–1141 for any purpose other than the payment of such unpaid amount shall be prima facie evidence of intent to defraud." T.C.A. § 64–1142.

5. "§ 17. Debts Not Affected by a Discharge. a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as ... (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity; ...." 11 U.S.C. § 35(a)(4).

   The various types of trusts which are relevant to the present situation are defined as follows:

   *Express trust.* A trust created or declared in express terms, and usually in writing....

   *Implied trust.* A trust raised or created by implication of law; a trust implied or presumed from circumstances....

   *Constructive trust.* A trust raised by construction of law, or arising by operation of

The term "fiduciary capacity" first appeared in the Bankruptcy Act of 1841. In 1844 the U. S. Supreme Court had the opportunity to determine the meaning of "fiduciary capacity." *Chapman v. Forsyth*, 43 U.S. 202, 2 How. 202, 11 L.Ed. 236 (1844). The court held that the term applied only to express or technical trusts and not to implied trusts. The Supreme Court reinforced this position in 1934 in *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393. The court, speaking through Mr. Justice Cardozo, quoted from the opinion in *Chapman, supra* :

> "[T]he statute (the Bankruptcy Act) 'speaks of technical trusts, and not those which the law implies from the contract' ... It is not enough that, by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee ex maleficio." *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 153 [79 L.Ed. 393].

While § 523(a)(4) is written in a different manner from § 17(a)(4), the changes are not material to the present issue. The term "fiduciary capacity" in § 523(a)(4) will, therefore, be limited in application to technical or express trusts. 3 Collier on Bankruptcy ¶ 523.14(1)(c) (15th ed. 1979).

 *In re Barker, Witt Building Material Company, Inc. v. Barker*, 14 B.R. 852 (1981), this court extensively reviewed the statutes and case law concerning the dischargeability of debts involving the alleged misuse of moneys paid to a builder/contractor in Tennessee and held such debts dischargeable. That decision, copy attached, controls the present case. See also *In re Wilson*, BK–3–80–00765, *Wattenberger v. Wilson*, Adv.Proc. No. 3–80–0352 (1981). The defendant has paid the penalty imposed by the criminal statutes of Tennessee. That statute, however, does not establish a construction fund trust within the meaning of § 523(a)(4). *See Sequatchie Concrete*

*Service, Inc. v. Cutter Laboratories*, 616 S.W.2d 162 (Tenn.Ct.App.E.S.1980).

The judgment in the instant case is a dischargeable debt under the provisions of the Bankruptcy Code.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

---

law, as distinguished from an express trust. . . .

*Trust ex maleficio.* A species of constructive trust arising out of some fraud, misconduct, or breach of faith on the part of the person to be charged as trustee, which renders it an equitable necessity that a trust should be implied.

Black's Law Dictionary 1680, 1681, 1683 (4th ed. 1951).