**In re SERVICE CORPORATION OF AMERICA, Debtor.**

**Paul D. HAYES, d/b/a Hayes and Sons Construction Company, Plaintiff,**

v.

**FIRST AMERICAN NATIONAL BANK OF NASHVILLE, James Pruitt d/b/a Stripemaster, Service Corporation of America and Internal Revenue Service, Defendants.**

Bankruptcy No. 388–03253.
Adv. No. 390–0019A.

United States Bankruptcy Court,
M.D. Tennessee.

June 15, 1990.

---

Thomas E. Watts, Jr., Nashville, Tenn., for James Pruitt d/b/a Stripemaster.

Carl Carter, U.S. Dept. of Justice, Washington, D.C.

MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

This is a dispute between the Internal Revenue Service and a material supplier to the debtor over rights in the balance due under a construction contract. Because Tennessee law does not impose a trust on construction funds and this subcontract does not include a provision for retainage, the IRS's lien attaches to the balance due the debtor.

I.

In 1987, Hayes and Sons Construction Company ("Hayes") was hired to build a service station. Hayes hired the debtor as a subcontractor. Pruitt supplied materials and labor to the debtor. Pruitt had no contractual relationship with Hayes. On March 3, 1988 the IRS filed a tax lien against the debtor. Pruitt's services began on April 12, 1988 and were completed on May 2, 1988.

On May 11, 1988, the debtor filed Chapter 7. The debtor scheduled an account receivable from Hayes for the balance of its subcontract. Pruitt, unpaid by the debtor, recorded a notice of lien for materials and labor and commenced an action as required under TENN.CODE ANN. 66–11–101. Hayes interpleaded into state Chancery Court the balance due on its subcontract with the debtor, naming Pruitt, the IRS (and others) as respondents. That action was removed to this court.

On motion for summary judgment, Pruitt conceded that the March 3, 1988 tax lien would have priority over his materialman's lien because under 26 U.S.C. § 6323 the lien cannot predate April 12, 1988—the day on which labor or materials were first supplied by Pruitt. However, Pruitt argues entitlement to the interpleaded funds on the theory that the debtor had no interest in those funds to which the tax lien could attach.

II.

Under 26 U.S.C. § 6321, the United States has a perfected tax lien on all of a taxpayer's "property and rights to property" by filing a notice of tax lien. *United States v. Durham Lumber Co.*, 363 U.S. 522, 80 S.Ct. 1282, 4 L.Ed.2d 1371 (1960); *Aquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); *United Pac. Ins. Co. v. Laurel County*, 805 F.2d 628 (6th Cir.1986), *cert. denied*, 484 U.S. 817, 108 S.Ct. 72, 98 L.Ed.2d 36 (1987); *Cardinal Constr. Co. v. Besmec, Inc.*, 701 F.Supp. 1274 (S.D.W.Va.1988). State law determines whether a taxpayer has a property interest subject to the IRS's lien. *Id.* Once a property interest is found, federal law controls lien priorities. *Id.*

Entitlement of debtors to construction funds under state law has been addressed by the bankruptcy courts in turnover actions, receivables litigation, preference litigation, motions for setoff, and miscellaneous priority disputes. Some courts have concluded that the debtor has no interest in contract proceeds where the debtor's failure to pay for labor and materials would excuse payment under the contract. *Tri–City Serv. District v. Pacific Marine Dredging and Constr. (In re Pacific Marine Dredging and Constr.)*, 79 B.R. 924, 16 BANKR.CT.DEC. (CRR) 915 (Bankr.D. Or.1987); *United States v. Commonwealth of Pennsylvania, Dept. Of Highways*, 349 F.Supp. 1370 (E.D.Pa.1972). *Contra In re Null's Serv., Inc.*, 109 B.R. 301 (Bankr.W.D.Tenn.1990). Other courts exclude construction funds from property of the estate, where state law imposes a trust on money owed to a contractor that has not paid all subcontractors and materialmen. *United States v. Durham Lumber Co.*, 363 U.S. 522, 80 S.Ct. 1282, 4 L.Ed.2d 1371 (North Carolina); *Selby v. Ford Motor Co.*, 590 F.2d 642 (6th Cir.1979) (Michigan); *United Parcel Serv., Inc. v. Weben*

*Indus.*, 794 F.2d 1005 (5th Cir.1986) (Georgia); *Carrier Corp. v. J.E. Schector Corp.*, 347 F.2d 153 (2nd Cir.), *cert. denied*, 382 U.S. 904, 86 S.Ct. 239, 15 L.Ed.2d 157 (1965) (New Jersey); *In re Dunwell Heating & Air Conditioning Contractors Corp.*, 78 B.R. 667, 16 BANKR.CT.DEC. (CRR) 852 (Bankr.E.D.N.Y.1987) (New York). *But see United Pacific Ins. Co. v. Laurel County*, 805 F.2d. 628 (6th Cir. 1986), *cert. denied*, 484 U.S. 817, 108 S.Ct. 72, 98 L.Ed.2d 36 (1987) (Kentucky); *Georgia Pacific Corp. v. Sigma Serv. Corp.*, 712 F.2d 962 (5th Cir.1983) (Arkansas and Mississippi). At least one court reached the same result based on a retainage provision that authorized the contractor to withhold funds to insure a subcontractor paid all downstream expenses. *Fiberglass Specialty Co., Inc. v. Bor–Son Constr., Inc.*, 678 F.2d 78 (8th Cir.), *cert. denied*, 459 U.S. 990, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982).

None of these theories supports Pruitt's argument in this case. The debtor's contract with Hayes does not condition payment as in *Pacific Marine*. Tennessee law does not impose a trust for the benefit of mechanic or material lienors. *In re Null's Serv., Inc.*, 109 B.R. 301 (Bankr.W.D.Tenn. 1990); *Kannon v. Blalock (In re Blalock)*, 15 B.R. 33 (Bankr.E.D.Tenn.1981); *Noland Co. v. Edmondson (In re Cedar City Elevator & Refrigeration Co.)*, 14 B.R. 623 (Bankr.M.D.Tenn.1981); *Sequatchie Concrete Serv., Inc. v. Cutter Laboratories*, 616 S.W.2d 162 (Tenn.Ct.App.1980). The debtor's subcontract with Hayes does not include a retainage provision.

Pruitt's reliance on *Hamilton Bank v. Long*, 189 Tenn. 562, 226 S.W.2d 293 (Tenn. 1949) is misplaced. In *Long* the Supreme Court of Tennessee held that a lien creditor could not garnish a landowner for funds unpaid to a contractor where the contractor had subcontracted the entire job, the subcontractor commenced work prior to service of the writ of garnishment on the owner and the contractor had no right to payment from the owner. The decision was based on the trial court's finding that the owner owed payment to the subcontractor, not to the contractor, thus there was nothing due the contractor to be garnished

from the owner. Here it is conceded that there was no relationship between Pruitt and Hayes. The debtor had a contract right to payment from Hayes notwithstanding Pruitt's provision of supplies or labor to the debtor. *Long* does not change this result.

An appropriate order will be entered.